Howard **WHITAKER**, Jr.,
**Plaintiff–Appellant,**

v.

**FIRST AMERICAN CORPORATION,**
**Defendant–Appellee.**

Court of Appeals of Tennessee,
Eastern Section.

July 12, 1989.

Permission to Appeal Denied by
Supreme Court Oct. 30, 1989.

Max E. Wilson, Wilson, Wilson & Cupp, Mountain City, for plaintiff-appellant.

Mark S. Dessauer, Hunter, Smith & Davis, Kingsport, for defendant-appellee.

OPINION

FRANKS, Judge.

Plaintiff's action for the loss of certain items placed in safety deposit boxes rented from defendant was dismissed by motion filed pursuant to T.R.C.P., Rule 12.02(6).

The complaint alleged plaintiff "rented" safety deposit boxes from defendant bank

and placed "valuable items into these boxes" and later went to the bank to "retrieve some items" and "discovered numerous valuable items missing." Plaintiff averred that upon making demand to return the items the bank had "refused and still refuses" and charged "Plaintiff believes that his property has been removed from these locked boxes or lockers by persons unknown to the Plaintiff." The chancellor treated the motion to dismiss as one for summary judgment since he considered the contract between the parties and held "under the undisputed facts of the case the defendant was entitled to summary judgment by virtue of the provisions of *T.C.A.* § 45–2–902." [1]

We agree with the chancellor. There is no allegation that the bank failed to exercise the care required of banks in the safeguarding of property deposited in a safety deposit box. *Young v. First Nat. Bank of Oneida*, 150 Tenn. 451, 265 S.W. 681 (1924).

A statute substantially the same as T.C.A. § 45–2–902 was first considered by our Supreme Court in *Pennington v. Farmers' & Merchants' Bank*, 144 Tenn. 188, 231 S.W. 545 (1920). The court, commenting on the statute, said: "A rental contract is clearly contemplated. The customer selects his space, fills it as he pleases, and takes his chances under the statute." *Id.*, at 191, 231 S.W. 545. These statutory provisions, however, did not bar the application of bailment principles to the rental of a safety deposit box in *Young*. The care owed by a bank under these circumstances was said in *Young* to be that required "of banks in similar communities".

There is no allegation that the defendant as a bank in the business of renting safety

deposit boxes breached the duty of care owed to the plaintiff, nor does the complaint allege a breach of the written contract between the parties.

For the foregoing reasons the judgment of the trial court is affirmed at appellant's cost and the cause remanded.

SANDERS, P.J. and ANDERSON, J., concur.

---

**1.** T.C.A. § 45–2–902. *Authority to engage in leasing safe deposit facilities—Liability of Lessor.* Any bank shall have the right to construct a vault on its real estate, or on premises leased by it, or to rent any vault which in the judgment of the directors will provide reasonable means of safety against loss by theft, fire, or other cause, in which vault may be placed safes, boxes, or receptacles, for the keeping of jewelry, diamonds, gold, bank notes, bonds, notes, and other valuables, and which may be rented by the bank to other persons on such terms as may be

agreed by the parties, but it is understood that in no event shall such bank be liable for any loss of the jewelry, diamonds, gold, bank notes, bonds, notes, or other valuables by theft, robbery, fire, or other cause, such bank not being the insurer of the safety of the property, nor in any manner liable therefor. Such bank is not required to take any note of property thus deposited, as the person who rents a safe, box, or receptacle is, for the term of his lease, the owner thereof.